IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FRANCISCO SOSA,

                Petitioner,


        v.                             CASE NO. 04-3112-SAC


RAY ROBERTS, WARDEN,
et al.,

                Respondents.


**MEMORANDUM AND ORDER**

This pro se action filed by an inmate currently confined at the Lansing Correctional Facility, Lansing, Kansas, was construed by the court as a petition for writ of habeas corpus, 28 U.S.C. 2254. Sosa seeks to challenge his state convictions on numerous grounds including that his plea was coerced; the evidence was insufficient; he was denied procedural due process, a speedy trial and effective assistance of counsel; and that he did not waive an arraignment, preliminary hearing or jury trial.

Mr. Sosa was previously ordered to supplement his Petition to demonstrate exhaustion of state remedies "by showing how and when the claims" raised in this action "were presented to the state courts, including the Kansas Supreme Court." The court found that petitioner's response and supplemental materials failed to establish when some of the state actions were filed and that it was "unclear whether petitioner filed the present action

in a timely manner or whether he fully exhausted state court remedies." The court then issued a show cause order to respondents, who filed an Answer and Return (Doc. 24). Petitioner responded by filing a Traverse (Doc. 31), several affidavits (Docs. 27, 28, 29, 33), a Motion to Amend his Petition (Doc. 30), and a Supplement (Amendment) to his Traverse (Doc. 31).

In the Answer and Return, respondents generally deny all petitioner's claims but specifically allege that Sosa did not exhaust state court remedies; has procedurally defaulted all his claims presented to this court; and that this Petition is time-barred by the statute of limitations in 28 U.S.C. 2244(d)(1).

Having considered all the materials filed including the state court records, this court finds that this Petition was not filed within the one-year statute of limitations applicable to 2254 actions and should be dismissed with prejudice as time-barred. The court also notes its agreement with respondents that petitioner did not present his claims to the Kansas Supreme Court by way of proper procedures, so that he failed to exhaust state judicial remedies when they were available.

**FACTS**

Respondents set forth the procedural history of this case, and petitioner does not adequately refute their account, which is

2

supported by state court records.  The records indicate that "in open court" on August 23, 2000, Sosa signed and swore to a Petition to Enter Plea of Nolo Contendere which included a waiver of rights and a statement of the maximum possible punishment of 986 months imprisonment plus a fine of $500,000.  The Petition also included the terms of the plea agreement "entered into between the District Attorney, my attorney, and myself," that some charges would be dismissed in exchange for Sosa's pleas and a "durational departure" would be recommended of 180 months.  The Petition signed by Sosa also provided that he was satisfied with his counsel's advice and entered his plea "with full understanding" and "freely and voluntarily," and not as "the result of any force or threats against me."  The "Order Accepting Plea" signed by the district judge provided that the judge "examined the defendant under oath as to the statements" contained in the Petition, and found the plea was made  freely and voluntary, not out of fear or coercion, and with full understanding of the consequences.  The order was signed August 23, 2000[1].

   The state criminal record contains a paper entitled "For Journal Entry," hand-written and dated August 26, 2000, by petitioner, which indicates he will file "a motion for removal of

---

[1]     The record does not include a transcript of the plea proceedings or of any 1507 hearing, and it does not appear that any were produced.

no contest plea." On a form attached to the paper, Sosa states "this paper are not motions." In the letter and throughout Sosa's materials it appears that he did not want to enter a plea and that after he had, he wished to withdraw it. However, it is also clear that he entered the courtroom having considered entering a plea, that his wife and attorney advised him to accept the plea agreement, and that he did sign a plea petition and plead nolo contendere in open court.

The next paper in the criminal file is a copy of a letter from Sosa to his appointed attorney Mr. Albins asking him "to file motion to vacate, and remove no contest plea entered on 8-23-00." Another letter in the file dated by Sosa on September 1, 2000, to Albins asked him to file a "motion for removal of the no contest plea" on the grounds that it was not freely or voluntarily given and Sosa "was not in a sane state of mind." On September 6, 2000, Albins filed a "Motion to Set Aside Plea of No Contest" in which counsel stated that "even though (Sosa) confessed to the police shortly after the crime," he believes "he was so drunk at the time that he was not responsible for his acts." Counsel asserted the plea was involuntary and asked that it be set aside[2]. The docket sheet in the criminal file indicates

---

[2]    On September 19, 2000, attorney Albins filed a Motion for Dispositional Departure, which stated Sosa had "plea bargained for a sentence of 180 months because it was in the best interests of the child, the family and the Defendant." The criminal docket in the state case refers on September 19, 2000, to defendant's motion to set aside plea, and provides that attorney Albins was permitted to withdraw and new counsel, Albert Grauberger, was appointed to represent Sosa. On September 29, 2000, Sosa filed a

defendant's "motion to set aside plea" was heard and denied on November 3, 2000, with counsel Grauberger appearing on behalf of Sosa, who was not present.   Sentencing was set for November 13, 2000, and on that date Sosa appeared with counsel and was sentenced to 180 months imprisonment.   The only subsequent entry on the criminal docket sheet is "Notice of Appeal Fil (Pro Se)" dated August 6, 2002.

It is obvious from the record that no timely direct criminal appeal was filed.   K.S.A. 22-3608(c) sets forth the time within which an appeal must be taken: "For crimes committed on or after July 1, 1993, the defendant shall have 10 days after the judgment of the district court to appeal."   Respondents advise that generally, under Kansas Law there is no right to appeal a conviction upon a plea of nolo contendere, citing K.S.A. 22-3602(a)[3]; see also K.S.A. 22-3210(d).   Petitioner alleges that defense counsel in the criminal case advised him that he had no

_____

pro se Motion for Release Prior to Trial in which he asked to be released pending trial wherein he stated that he had a "long history of alcoholism" and the "crime was committed while defendant was under the influences of extreme mental or emotional disturbances."   On October 3, 2000, a pro se "writ of habeas corpus" was filed by Sosa in the state criminal case (No. 00CR0026), seeking immediate release claiming denial of speedy trial and that continued detention was "prejudicing" his ability to present an effective defense.   On October 20, 2000, Sosa filed a "Petition for Writ of Habeas Corpus" in the Wyandotte County court again seeking immediate release and claiming denial of speedy trial.   On November 1, 2000, Sosa filed a pro se "Motion for Dismissal with Prejudice" based on alleged denial of speedy trial.   These motions filed before sentencing in the criminal case were presumably disposed of at or before sentencing.

[3]    "No appeal shall be taken by the defendant from a judgment of conviction before a district judge upon a plea of . . . nolo contendere, except that jurisdictional or other grounds going to the legality of the proceedings may be raised by the defendant as provided in K.S.A. 60-1507. . . ."

right to appeal.    However,   under   Kansas   law,   the   statute
generally precluding appeal from judgment of conviction upon a
plea of nolo contendere has been held not to preclude direct
appeal from a district court's denial of a motion to withdraw
plea[4].   State v. McDaniel, 255 Kan. 756, 758-59, 877 P.2d 961
(Kan. 1994).   K.S.A. 22-3210(d) provides:

> A plea of guilty or nolo contendere, for good cause
> shown and within the discretion of the court, may be
> withdrawn at any time before sentence is adjudged.   To
> correct manifest injustice the court after sentence may
> set aside the judgment of conviction and permit the
> defendant to withdraw the plea.

While it thus appears that Sosa attempted to withdraw his plea
prior to sentencing, his motion was denied and not timely
appealed.

Sosa also attempted to withdraw his guilty plea by filing
motions after sentencing.   State court records include a document
filed in the Wyandotte County District Court by Sosa on November
22, 2000, entitled "Pursuant to K.S.A. 60-1507" and assigned Case
Number 2000 C 4473.   Therein Sosa asked the state district court
to set aside his conviction and sentence claiming his plea was
involuntary, his counsel was ineffective, and he was denied due
process and other constitutional rights.   In a Journal Entry
filed on January 3, 2001, Judge McClean found:

_____

[4]      K.S.A. 22-3210(d) permits withdrawal of a plea either before or after sentencing, but is
silent as to the time frame within which a motion to withdraw plea must be filed and/or heard.  McDaniel, 255
Kan. at 761.

"The complaints raised in Plaintiff's Motion were all thoroughly argued and considered by the court in connection with Plaintiff's criminal case.  No new issues are raised.  The present motion, together with the court files and records conclusively show that plaintiff is entitled to no relief."

The record shows and petitioner does not refute that no timely Notice of Appeal was filed[5] from the district court's denial of Sosa's first 1507 petition (Case No. 2000 C 4473).

On August 28, 2001, Sosa filed in Wyandotte County District Court a "Motion Pursuant to K.S.A. 60-1507" assigned Case No. 2001 C 3301, and a brief in support which raised the claims presented herein.  The state court records in this case include a Journal Entry filed January 22, 2002, finding that Sosa's request for relief under 1507 had previously been ruled upon and denied in Case No. 2000 C 4473.  The court "therefore summarily" dismissed Sosa's request for a hearing and denied relief.  Sosa submitted a document entitled "Notice of Appeal" which was filed

---

[5]      The state criminal file indicates that in January, 2001, Sosa requested copies of transcripts. See May v. Workman, 339 F.3d 1236, 1237 (10th Cir. 2003)(limitations period not tolled by motions for transcripts).  On March 7, 2001, Sosa filed a paper entitled "Notice of Intent to Appeal" in which he stated, "I have not properly appealed my case."  He requested "any forms I may need for appeal process," and was advised there were none.  On May 3, 2001, Sosa filed a "Motion to File Notice of Appeal Out of Time" in Case No. 00CR0026 wherein he stated that he "filed an appeal- 60-1507 -on or about November 21, 2000, but that was improper procedure." On November 13, 2002, an order was entered in Case No. 00-CR-0026 noting that Sosa had filed a motion to file a notice of appeal out of time on August 6, 2002, which had not been ruled upon, and a Notice of Appeal on the same day.  The judge held that Sosa "has not filed a notice of appeal in a timely fashion and accordingly the notice of appeal filed herein is denied."  The court referred to K.S.A. 22-3608(c), providing defendant 10 days after judgment to appeal.  These filings did not constitute a timely appeal of either Sosa's criminal convictions or his 1507 motion filed in 2000 (Case No. 2000 C 4473).

on March 26, 2002, but apparently did not proceed with the appeal after being notified that he needed to satisfy the filing fee and other requirements.

This court has carefully reviewed the materials filed in the state courts and this court by Sosa to determine when he had state actions "properly pending" and if he diligently pursued state court remedies during the limitations period.

**DISCUSSION**

**TIMELINESS**

Under 28 U.S.C. 2244(d)(1) a person in custody pursuant to a state court judgment has a one-year period from the date his conviction becomes "final" in which to file a 2254 petition.  The first and most difficult question in this case is when the statute of limitations began to run.  By statute, the one-year period of limitations generally begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review."  28 U.S.C. 2244(d)(1)(A).  Respondents assert the period began to run 10 days from the date of sentencing, excluding weekends and holidays.  They theorize that even though Sosa had no right to directly appeal the judgment of conviction upon his plea, he could have directly appealed the denial of his motion to withdraw his plea within 10 days after judgment.  The time in which to

directly appeal a conviction is also 10 days.  Thus, they argue
that Sosa's convictions became "final" on November 29, 2000, 10
days after sentencing.  Sosa does not present facts or arguments
contrary to respondents' position[6].  Ordinarily, the one-year
statute of limitations for filing a federal habeas corpus action
under 2254 would have begun to run after Sosa's convictions
became "final."  However, 28 U.S.C. 2244(d)(2) tolls from the
limitation period any time spent pursuing state post-conviction
relief.  See Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir.
1998).  Specifically, Section 2244(d)(2) reads in part:

> The time during which a properly filed application for
> State post-conviction or other collateral review with
> respect to the pertinent judgment or claim is pending
> shall not be counted toward any period of limitation
> under this section."

Applying the plain language of the statute to the facts of this
case, the following computations are made.  Sosa filed a motion
to withdraw plea on September 6, 2000, which was denied on
November 3, 2000, days before sentencing.  Under Kansas law, Sosa

---

[6]    The Tenth Circuit has held in unpublished opinions that convictions on pleas were "final" 10 days after conviction, but those cases all involved Oklahoma law (Rule 4.2 of the Rules of the Oklahoma Court of Criminal Appeals) which expressly provided that a defendant has 10 days from the time of conviction to file an application to withdraw his plea. The question is complicated in this case by the fact that Kansas law does allow for a motion to withdraw to be filed after sentencing to correct manifest justice. This court finds no authority suggesting that the statute of limitations for filing a 2254 petition does not commence running until the time for filing a post-conviction motion such as a motion to withdraw or a 1507 petition has expired, when a prisoner has failed to pursue such remedies. See Goodballet v. Mack, 266 F.Supp.2d 702, 706-07 (N.D. Ohio 2003).

had 10 days[7] to appeal the denial of his motion to withdraw.  He did not file a direct appeal from the denial of his motion.  Nor did he file a direct appeal from his convictions.  Thus, this court concludes that Sosa's convictions became "final" no later than 10 days after sentencing, on November 29, 2000.

Petitioner's first state post-conviction motion was "properly filed" in Case No. 2000 C 4473, on November 22, 2000, and tolled the running of the statute of limitations before his convictions became "final."  This motion was "pending" until it was denied by the state district court on January 3, 2001.  Petitioner had 30 days after the denial to file an appeal therefrom, see K.S.A. 60-2103(a), which he failed to do.  See Gibson v. Klinger, 232 F.3d 799, 804 (10th Cir. 2000).  When Sosa's first 1507 action was no longer "pending" and the time to appeal expired on approximately February 3, 2001, the statute of limitations began to run.  See Barnett v. LeMaster, 167 F.3d 1321, 1323 (10th Cir. 1999); Rhine v. Boone, 182 F.3d 1153, 1156 (10th Cir. 1999).

After 206 days of the limitations period had run, on August 28, 2001, Sosa filed his second 60-1507 motion in Case No. 01-3301.  This action was "pending" until it was denied on January

---

[7]        Had Sosa appealed the denial of his motion to withdraw his plea to the Kansas Court of Appeals and ultimately to the Kansas Supreme Court, his conviction would not have become "final" until after those appeals were decided; and if relief was denied, until ninety days later, when his time to file a petition for writ of certiorari in the United States Supreme Court expired. Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001).  However, where as here petitioner did not appeal, his convictions became final when the time in which he could have appealed expired.

22, 2002; and no timely notice of appeal was filed.  This second 1507 could also be held to have tolled the limitations period. However, even assuming it had a tolling effect, the statute of limitations commenced to run again 30 days after the denial, on approximately February 22, 2002.  Thereafter, the limitations period ran unabated for 150 days until approximately July 31, 2002, when the statute of limitations expired in this case with no 2254 petition having been filed in federal court.

Petitioner filed numerous, various motions and petitions in state court after July, 2002, but since the limitations period had already expired, they had no tolling effect.  The original pleading filed in this case was verified by petitioner on March 31, 2004.   As noted, Sosa has had two opportunities before this court to show that his Petition should not be dismissed as time-barred.  In response to the court's prior order, he filed numerous exhibits; and in response to the argument in the Answer and Return that the Petition is time-barred, he filed a Traverse and other documents.  However, in his responsive pleadings, Sosa has mainly cited legal authority and arguments on the merits of his claims, and very little regarding his failure to file his federal Petition within the one-year statute of limitations.  The court concludes that Sosa has failed to meet his burden to show that this action was filed within the statutory time limit.

The limitations period may be subject to equitable tolling;

however, the burden is on the petitioner to show that "extraordinary circumstances prevented him from filing his petition on time." Petitioner's pro se allegations are liberally construed as generally claiming he is entitled to equitable tolling. Equitable tolling is warranted only in "rare and exceptional circumstances." Gibson, 232 F.3d 808, *quoting* Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999); Felder v. Johnson, 204 F.3d 168, 170-71 (5th Cir.), cert. denied, 531 U.S. 1035 (2000). To qualify for such tolling, petitioner must demonstrate that extraordinary circumstances beyond his control prevented him from filing his petition on time, and that he diligently pursued his claims throughout the period he seeks to toll. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001). For example, the Tenth Circuit has stated that equitable tolling is appropriate where a prisoner is actually innocent; when an adversary's conduct or other uncontrollable circumstances prevent a prisoner from timely filing; or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period. Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003). Petitioner does not allege and his numerous filings do not demonstrate sufficiently analogous extraordinary circumstances.

Instead, the circumstances alleged by petitioner, or that

appear from his filings here and in state court, are significantly similar to complaints about unfamiliarity with the legal process, and illiteracy, which have been found to provide no basis for equitable tolling.  See Scott v. Johnson, 227 F.3d 260, 263 FN3 (5th Cir. 2000), cert. denied, 532 U.S. 963 (2001). Moreover, ignorance of the law generally and of the AEDPA time limit in particular will not excuse timely filing, even for an incarcerated pro se prisoner.  Marsh, 223 F.3d at 1220; Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert denied, 525 U.S. 891 (1998); Gibson, 232 F.3d at 808.  Nor does reliance upon another for legal assistance during state post-conviction proceedings relieve a petitioner from the personal responsibility of complying with the federal statute of limitations.  Marsh, 223 F.3d at 1220; Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.), cert. denied, 528 U.S. 1007 (1999).  This court finds Sosa has not demonstrated that extraordinary circumstances beyond his control prevented him from filing his federal habeas application in a timely manner.  The court further finds that Sosa has not presented specific facts indicating steps he took to diligently pursue his claims throughout the period he needs to equitably toll.  Incessant filings, often not in accordance with state procedures and mainly setting forth legal citations, are not necessarily diligent.

Sosa's conclusory claim of actual innocence, especially in

light of his plea of nolo contendere in open court, is also insufficient to entitle him to equitable tolling. <u>See</u> <u>Schlup v. Delo</u>, 513 U.S. 298, 324 (1995)(to be credible, a petitioner must support allegations of innocence with "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial"); <u>Lasiter v. Thomas</u>, 89 F.3d 699, 702 (10th Cir.)("Solemn declarations in open court carry a strong presumption of verity, and subsequent conclusory allegations unsupported by specifics are subject to summary dismissal"), <u>cert</u>. <u>denied</u>, 519 U.S. 998 (1996).   The court concludes that Sosa has failed to meet his burden of showing that equitable tolling is warranted in this case.

## EXHAUSTION AND PROCEDURAL DEFAULT

Given the foregoing conclusion, the court need not decide the procedural default issue, but makes the following observations. In response to the court's order to show exhaustion, Sosa filed a "statement of exhaustion of state remedies," with numerous attachments. He refers therein to an action he filed in 2003 in Butler County District Court pursuant to K.S.A. 60-1501 (Case No. 2002 C 0550).  That action did not amount to exhaustion, even if Sosa appealed it to the Kansas Supreme Court, because it was

filed in a court without jurisdiction[8] to consider the merits of Sosa's claims and was dismissed on that basis.

In order to have fully exhausted his state court remedies, Sosa must have presented his claims to the highest Kansas court by means of the procedures[9] required by the state courts. Petitioner did not follow state appellate procedures after the denials of his 1507 actions in the Wyandotte County District Court, in that he failed to file a timely, perfected appeal of the sentencing court's rulings on any 1507 action filed by him. Petitioner asserts he exhausted because he sought relief from the Kansas Supreme Court by filing a habeas corpus action and a mandamus petition directly[10] in that court. However, petitioner's

---

[8]     The Butler County court plainly stated in its order denying Sosa' petition that challenges to his convictions could only be determined by the district court in which the convictions were entered. Sosa proceeded to appeal that decision and now seems to believe it constituted exhaustion. K.S.A. 60-1507 expressly provides that an action thereunder filed in the sentencing court is the exclusive remedy. A remedy is not available under 1501 simply because a 1507 motion was denied by the sentencing court. K.S.A. 60-1507(e); 60-1501(a) (jurisdiction under this statute is "subject to" the provisions of 60-1507).

[9]     The United States Supreme Court has made it clear that to be deemed "properly filed," an application for collateral review in state court must satisfy the state's timeliness requirements." Carey v. Saffold, 536 U.S. 214 (2002); see also Artuz v. Bennett, 531 U.S. 4, 8 (2000).

[10]    Petitioner's exhibits on exhaustion include a letter from the Clerk of the Appellate Courts of Kansas which states that "the only two appeals in our system are two original actions 03-90444-S and 03-90830" both of which had been denied and closed. Sosa filed a "Petition for Writ of Mandamus" (signed March 31, 2003) in the Kansas Supreme Court "pursuant to K.S.A. 60-801" (action to compel inferior court to perform duty), requesting that the state supreme court compel the Butler County District Court to hold an evidentiary hearing on his claims. This petition was summarily denied on June 25, 2003. Sosa also filed a "Petition for Writ of Habeas Corpus pursuant to K.S.A. 60-1501" in the Kansas Supreme Court (June 27, 2003), which was summarily denied on September 24, 2003.

actions filed directly in the Kansas Supreme Court were not the proper procedure under state law for having the denial of his claims reviewed by that court, and therefore did not provide the highest state court an opportunity to consider their merits.

Petitioner attempts to explain his failure to appeal the denial of his state post-conviction actions by repeatedly alleging that he "was sternly advised by court appointed counsel" that he "was not entitled to any appeal." Even if this court were convinced that counsel appointed to represent Sosa at sentencing informed him he had no right to appeal, equitable tolling would not be warranted for several reasons. First, since there was no statutory right to directly appeal his convictions based upon his plea of nolo contendere, his attorney's advice was correct. Sosa's discussion of exhaustion suggests he took this advice to mean that he also had no right to appeal the denial of post-conviction actions subsequently filed by him. There is no factual basis for finding that Sosa's defense attorney actually advised him he could not appeal the denial of possible, future post-conviction petitions. However, even if an attorney incorrectly advised Sosa that he would have no right to appeal denials of 1507 motions, or Sosa misunderstood advice he received, Sosa is not entitled to equitable tolling as a result. There is no right to counsel in habeas proceedings, so allegations of ineffective assistance of counsel will not excuse

an untimely federal habeas application.  See <u>Coleman v. Thompson</u>, 501 U.S. 722, 752, 756-57 (1991); <u>Smallwood v. Gibson</u>, 191 F.3d 1257, 1267 FN4 (10th Cir. 1999), <u>cert</u>. <u>denied</u> 531 U.S. 833 (2000). Further, the Tenth Circuit Court of Appeals has ruled that neither a petitioner's misunderstanding nor his attorney's mistake excuses a delay in filing.  See <u>Miller</u>, 141 F.3d at 978.

For all the foregoing reasons, the court concludes that this Petition was not timely filed and must be dismissed.

**IT IS THEREFORE BY THE COURT ORDERED that petitioner's motion to amend (Doc. 30) is granted.**

**IT IS FURTHER ORDERED that this action is dismissed as time barred and all relief is denied.**

**IT IS SO ORDERED.**

**Dated this 17th day of February, 2005, at Topeka, Kansas.**

<u>s/Sam A. Crow</u>
U. S. Senior District Judge

17